IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CV-1-BO

| | |
|---|---|
| VINSON R. LITTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross motions for judgment on the pleadings [DE 21 & 23]. A hearing on this matter was held in Raleigh, North Carolina on December 12, 2013 at 3:00 p.m. For the reasons detailed below, plaintiff's motion is DENIED and defendant's motion is GRANTED. The decision of the Commissioner is AFFIRMED.

## BACKGROUND

Mr. Little applied for supplemental security income on April 2, 2009 and alleged an onset date of January 30, 2009. His application was denied initially and upon reconsideration. After a hearing on December 22, 2011, an Administrative Law Judge ("ALJ") denied plaintiff's claim on January 19, 2012. The Appeals Council denied review rendering the ALJ's opinion the final decision of the commissioner. The plaintiff commenced a civil action in this Court on January 2, 2013.

## DISCUSSION

Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a

whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *Richardson v. Pearles*, 402 U.S. 389, 390 (1971)). "'[S]upported by substantial evidence' means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Pearles*, 402 U.S. at 401). Regulations establish a five-step sequential evaluation process to be followed when determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520 and 416.920. "The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five." *Rogers v. Barnhart*, 216 Fed. App'x 345, 348 (4th Cit. 2007) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

Plaintiff complains that the ALJ did not satisfy the heightened duty owed to an unrepresented claimant at the administrative hearing, insufficiently developed the record, and improperly considered a treating source's medical opinion.[1]

I.   THE DEVELOPMENT OF THE RECORD.

A pro se claimant is "entitled to the sympathetic assistance of the ALJ to develop the record, to assume a more active role and to adhere to a heightened duty of care and responsibility." *Crider v. Harris*, 624 F.2d 15, 16 (4th Cir. 1980) (quotations omitted). The ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts, being especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Marsh v. Harris*, 632 F.2d 296, 299 (4th Cir. 1980) (quotations omitted). If the ALJ's failure to do so results in the absence of counsel creating "clear prejudice or unfairness to the claimant, a remand is proper." *Sims v. Harris*, 631 F.2d 26, 27 (4th Cir. 1980).

---

[1] At the hearing before this Court, plaintiff's counsel announced that he was limiting his argument to the treatment of the medical opinions. It is unclear to the Court whether he intended to waive his other arguments, but the Court will discuss them out of an abundance of caution.

2

Plaintiff alleges that the ALJ did not adequately develop the record here by failing to obtain medical records from Albemarle Mental Health, Agape Community Clinic, and Tideland Mental Health. Defendant counters that the ALJ properly advised the claimant of the benefits of representation, including potential assistance in obtaining and updating medical records, and that the ALJ adequately developed the record.

Here, the ALJ did adequately develop the medical record. Although an unrepresented claimant is entitled to the sympathetic assistance of the ALJ to develop the record, *Crider*, 624 F.2d at 16, an ALJ "is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record." *Bell v. Chater*, 57 F.3d 1065 (4th Cir. 1995) *report'd in full at* 1995 U.S. App. LEXIS 14322 *12. Contrary to plaintiff's assertions, the ALJ did obtain additional records from Tideland after the hearing and before making her decision. [*See* Tr. 433–39]. The record also contains treatment notes from Agape during the only month claimant's mother said he received treatment there. [*See* Tr. 359–63]. Plaintiff's contentions as to Tideland and Agape are simply unfounded.

Plaintiff's counsel, not the ALJ, was responsible for obtaining additional records from Albemarle. Mr. Little obtained legal representation after the hearing, by at least May 2012. Therefore, the ALJ's heightened duty to plaintiff ended at that time as he was no longer unrepresented. *See Michael v. Astrue*, 2011 U.S. Dist. LEXIS 109883 *8 (D. Md. Sept. 26, 2011) (finding the ALJ's duty to fully develop the record is somewhat relaxed when the plaintiff is represented by counsel). The Albermarle records were mentioned only in passing at the administrative hearing and when the ALJ asked what records might be helpful, plaintiff did not mention the Albemarle records. [Tr. 67]. After the hearing, there was ample opportunity for plaintiff's counsel to obtain the records and submit them. Regardless, the records would have

3

been cumulative, as the record already contained evidence of plaintiff's condition during the months he was seen at Albemarle. *See Strunk v. Heckler*, 732 F.2d 1357, 1363 (7th Cir. 1984) (rejecting argument that the ALJ failed to develop the record because additional exams would have been cumulative). Further, plaintiff has not established that the omission of the Albemarle records is prejudicial and therefore, he is not entitled to remand. *See Marsh*, 632 F.2d at 300 (holding a case should be remanded where the failure to adequately develop the record is prejudicial to the claimant). "Prejudice can be established by showing that additional evidence would have been produced . . . and that the additional evidence might have led to a different decision." *Ripley v. Chater*, 67 F.3d 552, 557 n.22 (5th Cir. 1995). Here, plaintiff has not explained what the missing evidence would have shown and therefore has failed to demonstrate prejudice from its omission. Therefore, this Court finds that the ALJ adequately developed the record.

## II. THE ADMINISTRATIVE HEARING.

Plaintiff alleges that claimant was never given a chance to question the vocational expert at his hearing and therefore the ALJ erred. However, the relevant law does not support this. Although the Fourth Circuit has sparse precedent on the issue, other circuits have held that "[p]rocedural perfection in administrative proceedings is not required, so that judgment will be vacated only when a party's substantial rights have been affected. *Morris v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). "The ALJ does not have an absolute duty to advise an unrepresented claimant of the right to cross-examine witnesses, and failure to do so is seldom, by itself, reason for remand." *Fiqueroa v. Secretary of Health, Educ. & Welfare*, 585 F.2d 551, 554 (1st Cir. 1978). Therefore, this Court will not remand for the ALJ's failure to notify the claimant of an opportunity to question the vocational expert.

4

### III. THE MEDICAL OPINIONS.

Plaintiff's final argument for remand is that the ALJ did not properly consider the reports from treating physicians, Dr. Taska and Dr. Swaniathan. The ALJ did, however, provide good reasons for giving little weight to the medical opinion that was signed by Dr. Taska and Dr. Saminathan. These reasons are supported by substantial evidence in the record and therefore are affirmed.

An opinion from a treating source is generally given more weight than an opinion from other sources, but may be given controlling weight only if the treating source's opinion is (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques and (2) not inconsistent with other evidence. 20 C.F.R. § 416.927(d)(2); Social Security Ruling (SSR) 96-2p, 1996 WL 374188. Conversely, "if a [treating] physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). An opinion that is not entitled to controlling weight is evaluated using several non-exclusive factors; (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the supportability of the opinion by relevant medical evidence and by explanations from the treating source, (4) the consistency of the opinion with the record as a whole, and (5) any other factors which tend to support or contradict the opinion. *See* 20 C.F.R. § 416.927(c). The ALJ is not required to discuss each of these factors, *Baxter v. Astrue*, 2012 WL 32567 *6 (D. Md. Jan. 4, 2012), but must provide "good reasons" for the weight given to a treating source's medical opinion. 20 C.F.R. § 416.927(c)(2).

Here, the ALJ gave little weight to the opinion at issue because it lacked support and was inconsistent with other substantial evidence in the record. [Tr. 33]. Earlier in her decision, the

ALJ discussed substantial evidence which supported her findings. [Tr. 30–32]. Accordingly, the ALJ's decision was supported by substantial evidence. The finding of the Commissioner that plaintiff was not disabled must be affirmed.

## CONCLUSION

For the reasons outlined above, defendant's motion for judgment on the pleadings is GRANTED and plaintiff's motion is DENIED. The decision of the Commissioner is AFFIRMED. The clerk is directed to close the file.

SO ORDERED.

This, the 21 day of December, 2013.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE